J. A32019/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| LATIFF A. HADI, | : | |
| | : | |
| Appellant | : | No. 377 EDA 2014 |

Appeal from the Judgment of Sentence November 26, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s).: CP-51-CR-0005036-2012

BEFORE: PANELLA, OLSON, and FITZGERALD,[*] JJ.

CONCURRING STATEMENT  BY FITZGERALD, J.:**FILED FEBRUARY 04, 2015**

I respectfully concur in the result reached by the majority—that because Appellant's notice of appeal was untimely, this appeal must be quashed.  I write separately to acknowledge that Appellant's right to a direct appeal has been curtailed by circumstances beyond his control—that his attorney failed to file a timely post-sentence motion under the clear dictates of Pennsylvania Rule of Criminal Procedure 720(A)(1) and (A)(3).[1]  I also note Appellant may seek reinstatement of his direct appeal rights *nunc pro tunc* pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* Pa.R.Crim.P. 720(A)(1) (stating post-sentence motion shall be filed no later than 10 days after imposition of sentence), (3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]").